Pfeifer, J.,
dissenting.
{¶ 44} Does Ohio law shield an insurance company that transacts business in this state from having to be subject to suit in an Ohio court when it engages in tortious activity that does harm to Ohioans? I would hold that Ohio’s long-arm statute is broad enough to confer jurisdiction over a defendant whose Ohio-licensed insurer commits tortious acts against Ohio citizens and that exercising jurisdiction over the insured defendants in this case would not raise significant due-process concerns.
*262 {¶ 45} The only claim remaining in the lawsuit at issue concerns solely the activity of Auto-Owners Insurance Company (“Auto-Owners”), specifically its alleged retention of plaintiff-appellee David Fraley’s tractor-trailer for an unreasonable length of time. The parties seem to agree that R.C. 3929.06 prevents a direct action by Fraley against Auto-Owners; I am not sure that I share that view, but that issue is not alive in this case and is a matter for another day.
{¶ 46} We are left with a case that revolves around the actions of Auto-Owners only but that can be resolved only through a claim against the insureds. I agree with the appellate court below that just as the actions of an insurer can be imputed to the insured for purposes of liability, personal jurisdiction may also be imputed from the insurer to the insured. If direct actions against insurers are indeed forbidden by law, J & R Equipment and Storing and the Oeding estate are defendants here in name only. That legal fiction should not obscure who the true, sole defendant is in this case.
{¶ 47} If it were an available defendant through a direct action, Auto-Owners would be subject to long-arm jurisdiction under R.C. 2307.382(A). Auto-Owners fits the definition of “person” under R.C. 2307.381 and meets the rest of the requirements of R.C. 2307.382:
(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person’s:
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.
{¶ 48} Auto-Owners allegedly caused injury to Fraley in Fraley’s home base of Ohio through wrongfully withholding the use of Fraley’s truck; the existence of Auto-Owners’ insurance license from the Ohio Department of Insurance authorizing it to transact business in this state satisfies the “regularly does or solicits business” portion of the long-arm statute.
{¶ 49} To properly determine personal jurisdiction, we must also consider “whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution.” Kauffman Racing Equip., L.L.C. v. Roberts, 126 Ohio St.3d 81. 2010-Ohio-2551. 930 N.E.2d 784. ¶ 28.
*263 [D]ue process is satisfied if the defendant has “minimum contacts” with the forum state such that the maintenance of the suit does not offend “ ‘traditional notions of fair play and substantial justice.’ ” [Internatl. Shoe Co. v. Washington] (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, quoting Milliken v. Meyer (1940), 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278.
Id. at ¶ 45.
{¶ 50} I would hold that Auto-Owners’ license to do business in Ohio is sufficient to establish minimum contacts as to both Auto-Owners and its insureds. In Kentucky Oaks Mall Co. v. Mitchell’s Formal Wear, Inc., 53 Ohio St.3d 73, 559 N.E.2d 477 (1990), this court set forth factors to consider in determining whether the exercise of jurisdiction comports with fair play and substantial justice:
“Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with ‘fair play and substantial justice.’ * * * Thus courts in ‘appropriate cases[s]’ may evaluate ‘the burden on the defendant,’ ‘the forum State’s interest in adjudicating the dispute,’ ‘the plaintiffs interest in obtaining convenient and effective relief,’ ‘the interstate judicial system’s interest in obtaining the most efficient resolution of controversies,’ and the ‘shared interest of the several States in furthering fundamental substantive social policies.’ * * * These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. * * * On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.” (Citations omitted and emphasis added.)
(Emphasis sic.) Id. at 77, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
{¶ 51} I would find that the burden on Auto-Owners and its insureds in this particular case is minimal. Auto-Owners would not rely on the testimony of anyone involved in the underlying accident; any witnesses would be people under its control, either employees or contractors. This state has great interest in seeing one of its citizens obtain relief for the alleged tortious acts of an insurer *264 licensed to do business in this state. The plaintiff, already hampered by being without an important piece of business equipment for an inordinate period, has great interest in obtaining timely, convenient, and effective relief. Because litigation of the plaintiffs claim would not require the presence of the named Indiana-resident insureds, a lawsuit in Ohio against a corporation that does business in Ohio would efficiently resolve the controversy. Allowing the case to be heard in Ohio would also be a nod to the practical realities of how insurance litigation is conducted in Ohio and adjoining states. Exercising jurisdiction over the insureds in this case would not upset traditional notions of fair play and substantial justice in cases involving insurance companies — this is the rare case in which there is only a single extant claim, which happens to involve only the insurer’s wrongful activity.
Repper, Pagan, Cook, Ltd., and Christopher J. Pagan, for appellee.
Smith, Rolfes & Skavdahl Co., L.P.A., and James P. Nolan II, for appellants.
Green & Green, Lawyers, and Erin B. Moore, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.
{¶ 52} Accordingly, I would affirm the judgment of the court of appeals.
O’Neill, J., concurs in the foregoing opinion.